Gonzalez, P.J., Mazzarelli, Acosta, Moskowitz and DeGrasse, JJ.

■ CARMEN TEJEDA, Respondent, v CHERISE M. DYAL, M.D., et al., Appellants. [1 NYS3d 818]—

Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered on or about June 11, 2012, which granted plaintiff's motion to restore this action to the active trial calendar solely to the extent of granting defendants leave to serve new discovery demands, and directing plaintiff to serve and file a note of issue after complying with the demands, unanimously affirmed, without costs.

As we previously held in reversing the grant of defendants' motion to dismiss this action as abandoned pursuant to CPLR 3404, once the note of issue and certificate of readiness were vacated and the matter struck from the trial calendar, this case reverted to pre-note of issue status, and CPLR 3404 is therefore inapplicable (see Tejeda v Dyal, 83 AD3d 539, 540 [1st Dept 2011], lv dismissed 17 NY3d 923 [2011]). Plaintiff's motion to restore the case to the calendar was properly granted only to the extent of directing her to file a new note of issue and certificate of readiness upon completion of additional discovery, pursuant to the criteria set forth in Uniform Rules for Trial Courts (22 NYCRR) § 202.21 (f) for reinstating a note of issue that has been vacated.

We note that the motion court denied plaintiff's motion in sum and substance and we reject defendant's request that the motion be denied in its entirety and the complaint dismissed with prejudice. As we previously explained, "[d]efendants' avenues to dismiss this pre-note of issue case are limited to CPLR 3216 and 22 NYCRR 202.27. The latter is inapplicable to the facts herein, and defendants failed to comply with the preconditions of the former" (Tejeda, 83 AD3d at 540). Concur—Gonzalez, P.J., Mazzarelli, Acosta, Moskowitz and DeGrasse, JJ.

■ In the Matter of RUTH BERK, Petitioner, v TANYA KENNEDY, Respondent. BLDG CHRISTOPHER LLC, Nonparty Respondent. [2 NYS3d 783]—The above-named petitioner having presented an application to this Court praying for an order, pursuant to article 78 of the Civil Practice Law and Rules, now, upon reading and filing the papers in said proceeding, and due deliberation having been had thereon, it is unanimously ordered that the application be and the same hereby is

denied and the petition dismissed, without costs or disbursements. Concur—Gonzalez, P.J., Mazzarelli, Acosta, Moskowitz and DeGrasse, JJ.